UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA
*ex rel.* RYAN F. BOLAND, M.D.,

Plaintiff,

v.                          406CV157

MEMORIAL HEALTH UNIVERSITY
MEDICAL CENTER, INC., THE
GEORGIA EYE INSTITUTE, INC., and
THE PROVIDENT EYE PHYSICIANS, INC.,

Defendants.

## SEALED ORDER

In this False Claims Act[1] case (alleging, *inter*

---

[1] As the Second Circuit explained:

The Act contains a so-called *qui tam* provision, which empowers private persons -- called relators -- to sue false claimants on behalf of the government. *See* 31 U.S.C. § 3730(b). The *qui tam* form of action appears to have existed in England since the late 13th century. *See Vt. Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 768 n. 1, 774-78, 120 S.Ct. 1858, 146 L.Ed.2d 836 (2000) (discussing the etymology and history of the *qui tam action*). Blackstone described it and its consequences. *See* 3 William Blackstone, Commentaries *160. The action has been recognized in American jurisprudence since the earliest days of our republic. *See Vt. Agency of Natural Res.*, 529 U.S. at 776-77, 120 S.Ct. 1858.

A relator commences a false claim action by filing the complaint under seal and giving the government an opportunity to intervene. *See* 31 U.S.C. § 3730(b). The government has an initial period of 60 days to intervene but it may move the court for an extension of time. *See id.* If the government

*alia*, violations of the Physician Self-Referral Statute, 42 U.S.C. § 1395nn[2]), the Court has entered a series of sealed Orders and authorized an essentially sealed docket. *See, e.g.*, doc. ## 4, 11. Secrecy is authorized in these cases so that the Government can intervene, as it did here, and quietly investigate alleged wrongdoings without tipping off wrongdoers.

However, at some point cases like this resolve, as this case just did via settlement, doc. # 36, and the presumption of openness applies. *See Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245-46 (11th Cir. 2007), *U.S. v. Ochoa*, 428 F.3d 1015, 1028-29 (11th Cir. 2005), and 2 SMOLLA & NIMMER ON FREEDOM OF SPEECH §

---

chooses not to intervene, the relator may proceed with the action on the government's behalf. *See id.* at § 3730(c)(3). In either case, the relator will be entitled to a percentage of any award recovered. *See id.* at § 3739(d).

*U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 251 (2nd Cir. 2004).

[2] Otherwise known as the Stark Act, it has limited

the ability of a physician to refer Medicare patients to clinical laboratories with which the physician had a "financial relationship." 42 U.S.C. § 1395nn(a)(1). In 1993, Congress extended the law to several other health services, *id. §* 1395nn(h)(6), and also included Medicaid patient referrals within the scope of the law, *id. § 1396b*(s). *See* Pub.L. 103-66, §§ 13562, 13624, 107 Stat. 312, 604, 636 (1993). Among other things, the law prohibits payment for services furnished pursuant to a prohibited referral, 42 U.S.C. §§ 1395nn(a)(1)(B), 1396b(s), imposing civil penalties in the case of a prohibited referral, *id.* § 1395nn(g).

*Renal Physicians Ass'n v. U.S. Dept. of Health and Human Services*, 489 F.3d 1267, 1269 (D.C.Cir. 2007).

25:8 (Oct. 2007).

Set on keeping this case sealed, the Government thus proposes two oral arguments: one for it to convince this Court -- *ex parte* at that -- to maintain sealing so the Government's investigation techniques won't be revealed; the other for the *would-be* defendants[3] to argue why they want the case to remain sealed. Doc. # 37.

This is primarily a legal argument best set forth in briefs. All those with standing are thus invited to *brief* the Court -- within 15 days of the date this Order is served -- and show why this entire case should not be unsealed. The briefs may be sealed, and those who feel they need to file their briefs *ex parte* may do so. And if anyone just has to have oral argument, they may arrange for it with the Deputy Clerk. Otherwise, arguments of this nature would seem best said on paper, rather than in person.

Accordingly, the Court ***GRANTS*** the Government's unopposed Motion to Set Post-settlement Conference. Doc. # 37. The Clerk shall serve a copy of this Order upon counsel for Memorial Health, Inc. *See* doc. # 36 at 19-20.

This  20  day of February, 2008.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[3] The captioned defendants were never served and thus are only before this Court by virtue of the settlement filed at doc. # 36, which expressly requests that this Court retain jurisdiction to enforce the settlement. Doc. # 36 at 2; *see also Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 381-82 (1994).